

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2005

# Tidwell v. Bembry

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4073

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Tidwell v. Bembry" (2005). *2005 Decisions.* Paper 1130.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1130

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4073
_____

TYRONE TIDWELL,

Appellant

v.

ROBERT H. BEMBRY, III

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-00977)
District Judge: Honorable Juan R. Sanchez

_____

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2005

Before:  SLOVITER, BARRY and FISHER, Circuit Judges

(Filed:  May 25, 2005)

_____

OPINION

_____

PER CURIAM

Tyrone Tidwell, pro se, appeals an order of the United States District Court for the

Eastern District of Pennsylvania dismissing his complaint for lack of subject matter

jurisdiction and, alternatively, failure to state a claim upon which relief can be granted. Tidwell's complaint arises from his legal representation by Robert H. Bembry, III. We will affirm.

In 1996, Tidwell pleaded guilty to various offenses, including possession with intent to distribute cocaine, tax evasion, firearms offenses and two counts of murder in furtherance of a continuing criminal enterprise. He claims that the United States Attorney failed to honor his promise to move for a downward departure from the applicable United States Sentencing Guidelines range. Tidwell, therefore, sought representation from Bembry in a post-trial evidentiary hearing to show how the government allegedly breached the agreement. For such representation, Tidwell paid Bembry $5,000. Although Bembry requested that Tidwell's trial counsel testify at the hearing, he did not subpoena trial counsel, apparently as a professional courtesy. Tidwell claims that Bembry thereby committed legal malpractice. Tidwell did not pursue post-trial remedies or obtain any relief related to Bembry's alleged malpractice. Tidwell also claimed that Bembry committed malpractice by failing to pursue a claim against Chase Auto Finance. Chase relinquished $6,341.48 to the United States Marshall's Office. Tidwell claims that he is entitled to the money.

Without explanation, the District Court dismissed Tidwell's complaint with prejudice because it concluded that it lacked subject matter jurisdiction and that Tidwell failed to state a claim upon which relief could be granted. Tidwell timely appealed.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal for lack of subject matter jurisdiction is plenary. See Dresser Indus., Inc. v. Underwriter's at Lloyd's of London, 106 F.3d 494, 496 (3d Cir. 1997). The District Court correctly concluded that subject matter jurisdiction could not be premised on 28 U.S.C. § 1331 because Tidwell's claims of legal malpractice did not give rise to a federal question. Arguably, however, diversity jurisdiction under 28 U.S.C. § 1332 existed. Tidwell has shown that he and Bembry are of diverse citizenship, and he claimed that he is entitled to two and one-half million dollars in damages. Bembry argues that the only potential damages that Tidwell concretely shows are the amount that he paid Bembry and the amount he sought from Chase, which together amounted to less than $12,000. This does not, however, take into account any potential intangible damages attributable to Bembry's actions with regard to Tidwell's sentence. Although such an amount is difficult to calculate, it appears that it would be sufficient to satisfy the amount in controversy requirement. We will, therefore, assume that the District Court had subject matter jurisdiction pursuant to § 1332.

Be that as it may, to show legal malpractice by Bembry under Pennsylvania state law, Tidwell had to show that he pursued post-trial remedies and failed to obtain such relief due to an error by Bembry. See Bailey v. Tucker, 621 A.2d 108, 115 (Pa. 1993). Tidwell did not do so. The District Court, thus, properly determined that Tidwell failed to state a claim and dismissed his complaint pursuant to Federal Rule of Civil Procedure

3

12(b)(6).

Our review of the District Court's decision to dismiss Tidwell's complaint without leave to amend is for abuse of discretion. See Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 303 n.1 (3d Cir. 2004). Because Tidwell has not shown that he failed to obtain relief due to Bembry's alleged error, he cannot possibly amend his complaint to make a viable claim of legal malpractice. The District Court, therefore, properly exercised its discretion to dismiss with prejudice instead of permitting Tidwell to amend his complaint.

Accordingly, we will affirm the District Court's order dismissing Tidwell's complaint with prejudice.